The defendant, Jose Avelino, was convicted of one charge of assault and battery by means of a dangerous weapon (motor vehicle) and one charge of violating an abuse prevention order.[2] The defendant argues on appeal that the trial judge erred in denying the defendant's request for a curative instruction following the prosecutor's closing argument. We affirm.
Background. We summarize the facts as the jury could have found them. The victim was married to, but separated from, the defendant. The victim had a restraining order against the defendant that was in effect on October 16, 2013. On that date, the victim was driving in her vehicle with a work colleague. The victim observed that it was "at the time that the kids were coming out of school." The victim noticed the defendant's vehicle ahead of hers, with two other vehicles separating them. The defendant "kept looking ... at [the victim] through the mirror," and the victim feared that the defendant "might do something." When there were no longer other vehicles between them, the defendant sped forward, applied his breaks, and then drove backwards and hit the victim's vehicle. Both the defendant and the victim exited their vehicles, and the defendant told the victim that he was going to call the police and report that the victim hit the defendant's vehicle because she was behind him. The victim responded that she was sure that "there'll be somebody that saw that you're the one that hit me and not me hit you," as she had observed that there were "a lot" of people on the street.
The defendant testified in his own defense that the victim hit his car, that he was looking in the mirror to see his surroundings while driving, and that he realized that the victim was in the other vehicle only when he exited his vehicle after the collision.
No other witnesses testified.[3] Before closing arguments, defense counsel informed the judge that he would not request a missing witness instruction but that he would argue to the jury that the Commonwealth failed to produce sufficient evidence to convict the defendant, noting that other individuals who were described on the scene did not testify at trial. The prosecutor "[had] no problem with that." Defense counsel argued to the jury that the Commonwealth did not corroborate the victim's testimony with testimony from the colleague, school children, or police.
The prosecutor then argued in his closing argument, in relevant part, that "there was no evidence in this trial that any of the other people who were around that day were available to come in and testify as witnesses today."
Discussion. The defendant argues that the convictions must be reversed because the prosecutor shifted the burden of proof to the defendant and the judge failed to give a curative instruction following the closing argument. We disagree.
As an initial matter, we note that it was permissible for defense counsel to argue that no other potential witnesses testified and corroborated the victim's testimony and the Commonwealth had not produced sufficient evidence to warrant a conviction beyond a reasonable doubt. See Commonwealth v. Saletino, 449 Mass. 657, 672 (2007). While the prosecutor's remark in response is the type of statement to avoid, it was not prejudicial.[4] "Remarks made during closing arguments are considered in the context of the whole argument, the evidence admitted at trial, and the judge's instructions to the jury." Commonwealth v. Whitman, 453 Mass. 331, 343 (2009).
In the entirety of the Commonwealth's closing argument, the prosecutor permissibly asked the jury to consider the credibility of each witness and their testimony. The prosecutor acknowledged that neither witness's testimony was corroborated, but that the lack of corroboration itself did not make either more or less credible than had there been corroboration. The prosecutor did not, however, state how any other potential witness would have testified. The prosecutor's request that the jury consider the credibility of each witness based on their respective testimony did not shift the burden.
Furthermore, the judge's instructions to the jury adequately cured any prejudice. The judge instructed the jury on the Commonwealth's burden of proof at the beginning of trial and in the final instructions, and instructed the jury that closing arguments were not evidence and that the jury should decide the facts "solely from the evidence admitted in this case and not from suspicion or conjecture." See Commonwealth v. Tu Trinh, 458 Mass. 776, 788 (2011). "We presume that a jury follow all instructions given to it." Commonwealth v. Watkins, 425 Mass. 830, 840 (1997). In context of the entirety of the short trial, there was no error in the judge's decision not to give a curative instruction following the prosecutor's closing argument where the other instructions were sufficient.
Judgments affirmed.

At the request of the Commonwealth, a second assault and battery by means of a dangerous weapon charge was dismissed before trial.

On direct examination, the prosecutor asked the victim if the victim knew where her colleague was on the day of trial. The judge sustained the defendant's objection to the question.

After the prosecutor's closing argument, there was an inaudible sidebar discussion. After trial, the attorneys stipulated that "after the Commonwealth's closing and at the defendant's request, counsel went to sidebar .... At the sidebar conference defendant objected to and requested a curative instruction concerning the Commonwealth's statement in closing to the effect that '... there was no evidence in this trial that any of the other people who were around that day were available to come in and testify as witnesses today.'... The judge denied defendant's request." The trial judge allowed the stipulation, stating that "[t]he Court has no independent memory of the content of the sidebar discussion. Nevertheless, the Court does not have reason to doubt the joint recollection of the attorneys, and therefore the stipulation may be included in the record on appeal." The objection, as stipulated to by the parties, sufficiently preserved the issue for appeal.